PER CURIAM.
In a suit between the parties, wherein appellee sought an accounting and a distribution of partnership assets, the trial judge entered a partial summary judgment for appellee directing appellants to furnish an accounting.
Although the appellate issue framed in the briefs deals mainly with the propriety of the partial summary judgment, it became clear at oral argument that the main complaint against the summary judgment was the differing interpretation placed upon the court’s directives contained therein. The trial court ordered that an accounting be furnished appellee by appellant’s accounting agent for the years 1975 through 1984. It directed the accountant to review the books and records of the corporation and prepare annual income, assets and liability statements for those years in accordance with generally accepted accounting principles. This mandate was strongly objected to by appellant because they felt it required entirely new audits and studies of the records for all of those years when the evidence showed, or at least created an issue of fact, that appellant had furnished accountings for several of the years involved.
We disagree with that interpretation of the court’s order and hold that the order requires only copies of the prior account-ings furnished appellee in prior years, providing they have been prepared in accordance with generally accepted accounting principles, and new original accountings only for the remaining years when no adequate accountings were furnished.
The court order provided that appellee and Burning Foot were to share the cost of such accountings equally for the time being, the ultimate responsibility therefor to be considered in the taxation of costs at the end of the litigation. We find no ambiguity contained in this aspect of the order. It *2 simply means each of the named parties will pay one-half of the accounting expense now and at the end of the case the court will tax those costs along with other costs as the justice of the case requires.
Having resolved the basic issue between the parties on this appeal, the judgment appealed from is affirmed and the cause remanded for further proceedings consistent herewith.
HERSEY, C.J., and DOWNEY and LETTS, JJ., concur.